■ ROBERT E. CARDEN et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered May 1, 1984 in Washington County, which denied defendant's motion for a protective order.

On October 6, 1982, fire destroyed plaintiffs' residence, which was covered against fire loss under a homeowner's policy issued by defendant. The next day, defendant's senior claims representative conducted an investigation at the scene. In an affidavit attached to defendant's moving papers, the claims representative avers that he found a fire pattern which did not conform to

any natural source; that he discussed the fire with the Washington County arson investigator; and that he took a statement from plaintiff Shirley H. Carden concerning the fire, which disclosed that plaintiffs had been unable to sell their home and had been beset by financial difficulties before the fire. Suspecting arson, the claims representative engaged an independent arson investigator on October 8, 1982 to further document the circumstances of the fire; approximately two weeks later, defendant retained counsel in this matter. Proofs of loss were furnished to defendant as required and plaintiffs were examined pursuant to the terms of the policy. Following receipt of defendant's letter of March 7, 1983, disclaiming liability, plaintiffs commenced this action predicated on defendant's alleged breach of the insurance contract.

Plaintiffs' service on defendant of a notice to produce "any and all reports of investigations" which resulted in the denial of plaintiffs' claim prompted defendant's motion for a protective order. This appeal is from the denial of that motion by Special Term.

To be immune from discovery, defendant must demonstrate that the material sought was prepared *exclusively* for litigation (*Vandenburgh v Columbia Mem. Hosp.,* 91 AD2d 710, 711). Multipurpose reports are not free from disclosure (*Hawley v Travelers Ind. Co.,* 90 AD2d 684). Significantly, defendant does not even allege, no less prove, that the investigative reports sought were not also used to evaluate plaintiffs' claim or that retention of an independent investigator was other than defendant's ordinary business practice when confronted with a fire loss (cf. *Ogden v Allstate Ins. Co.,* 112 Misc 2d 891).

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.