■ SAMUEL SACK et al., Respondents, v NORTH AMERICAN SYSTEMS, INC., Appellant. (And Another Title.)—In a consolidated action to recover damages for injury to property, North American Systems, Inc., appeals from so much of an order of the Supreme Court, Queens County (Levine, J.), dated October 1, 1984, as denied certain branches of its motion to compel compliance with notices for discovery and inspection.

Order modified, by deleting the decretal paragraphs thereof which denied those branches of appellant's motion which sought compliance with items Nos. 1, 2, 3, 4 and 5 of the notice for discovery and inspection dated May 14, 1984, and items Nos. 4, 5 and 6 of the notice for discovery and inspection dated April 11, 1984, and substituting therefor provisions granting these branches of appellant's motion which sought compliance with items Nos. 4, 5 and 6 of the notice for discovery and inspection dated April 11, 1984, and granting those branches of appellant's motion which sought compliance with the notice for discovery and inspection dated May 14, 1984 to the extent that compliance is directed with respect to items Nos. 1 and 2, with respect to reports and appraisals demanded in item No. 3 and any page of the tax returns demanded in items Nos. 4 and 5 wherein a deduction is claimed by virtue of the subject fire loss. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Respondents' time to comply is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Under the circumstances of this case, we find that appellant North American Systems, Inc., should have been granted discovery of any reports and appraisals included as part of the files of the adjuster and the insurance company. Respondents failed to sustain their burden of showing such material to have been prepared solely for litigation purposes *(see,* CPLR 3101 [d]). With respect to the income tax returns, we find that appellant is entitled to those portions, if any, which indicate deductions claimed by virtue of the fire loss, because such portions are relevant to the alleged value thereof. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.