■ LINDA M. PINKANS, Respondent, v BRIAN M. HULETT, an Infant, et al., Respondents, and WILLIAM M. CLARK, III, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Doran, J.), entered January 9, 1989 in Albany County, which granted motions by plaintiff and defendants Brian M. Hulett and George Ouillette to compel further disclosure from defendant William M. Clark, III.

Plaintiff was injured when a rock, thrown through the window of a car in which she was a passenger, struck her in the eye. She commenced this suit against the alleged rock throwers, Brian M. Hulett, George Ouillette and William M. Clark, III. During the course of Clark's examination before trial (hereinafter EBT), his attorney objected to the form of several questions and directed Clark not to answer. Additionally, Clark, who prior to his deposition admittedly had reviewed a statement he had previously given to his insurance carrier as well as statements he made to the other defendants, refused to make those statements available for the other litigants' inspection.

Pursuant to CPLR 3120, plaintiff then demanded copies of any statements defendants had made to their respective insurance carriers in connection with the incident. Clark alone refused to comply. Ouillette then moved pursuant to CPLR

3124 to compel production of the statements Clark reviewed prior to his EBT, and to compel Clark to respond to the questions he refused to answer at his EBT; plaintiff and Hulett joined in this motion. In opposition, Clark submitted only his attorney's affidavit which conclusorily asserted that Clark's statement to his insurance company was exempt from disclosure by reason of CPLR 3101 (d), and that Clark's refusal to answer certain of the questions put to him at his EBT was justified on the ground that the questions were improper as to form. Supreme Court ordered production of Clark's statement to his insurance carrier and also Clark's attendance at a further EBT. Clark appeals; we affirm.

Clark, as the party opposing discovery, had the burden of demonstrating that the statement sought to be disclosed is indeed exempt from disclosure (see, CPLR 3101 [d] [2]; *Carden v Allstate Ins. Co.*, 105 AD2d 1048, 1049). His counsel's assertion, without more, that Clark's statement to his insurance carrier was material prepared for litigation is insufficient to meet this burden (see, *Merrick v Niagara Mohawk Power Corp.*, 144 AD2d 878, 879). Nothing of an evidentiary nature in the record indicates that Clark's statement was prepared exclusively for litigation. The mere fact that a statement is submitted to an insurance carrier does not ipso facto render it privileged material (see, *Carlo v Queens Tr. Corp.*, 76 AD2d 824).

And inasmuch as an order directing a witness to answer questions propounded at an EBT is not appealable without permission, not obtained here, of either the court issuing the order or this court (see, *Matter of Beeman*, 108 AD2d 1010, 1011; *Smith v Colonie Truck Leasing Co.*, 38 AD2d 611), Clark's appeal from that part of the order directing him to answer certain questions must be dismissed.

Order affirmed, with costs to defendant George Ouillette. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.