■ MUSTAFA SERDAROGLU. Appellant-Respondent, v SANDRA SERDAROGLU, Respondent-Appellant. SILVIO POLLERO et al., Intervenors-Respondents. [622 NYS2d 50] —In an action for divorce and ancillary relief, the husband appeals (1) from an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 13, 1993, which granted the motion of the intervenors, Silvio and Jean Pollero, to the extent of holding him in contempt of court and directing him to appear before the Referee supervising disclosure to answer the questions that he had previously refused to answer at his oral deposition, and (2) from so much of an order of the same court, also dated September 13, 1993, as denied the branch of his motion which was to remove the Referee, referred to the Referee the branch of his motion which was for a protective order, granted the branch of the wife's cross motion which was to strike his pleadings, and referred to the trial court the branch of the wife's cross motion which was for an award of counsel fees. The wife cross-appeals from so much of the same order, dated September 13, 1993, as referred to the trial court the branch of her cross motion which was for an award of counsel fees.

Ordered that, on the Court's own motion, the husband's notice of appeal from the order dated September 13, 1993, which granted the intervenors' motion to the extent of holding him in contempt of court and directing him to appear before the Referee supervising disclosure is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order dated September 13, 1993, which,

*inter alia,* held the plaintiff in contempt of court is reversed, on the law, without costs or disbursements, and the intervenors' motion is denied; and it is further,

Ordered that the order dated September 13, 1993, which, *inter alia,* denied the branch of the plaintiff's motion which was to remove the Referee, is modified by deleting the provision thereof striking the plaintiff's pleadings; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In the first of its two orders dated September 13, 1993, the Supreme Court directed that the plaintiff, on October 18, 1993, appear before the Referee who had been appointed to supervise disclosure for a "continued oral deposition before trial." The order also directed the plaintiff "to answer those questions [which] he [had] specifically refused to answer at his June 29, 1993, oral deposition before trial." The questions included ones that had been posed by the attorney for the defendant and others that had been posed by the attorney for the intervenors.

Although the intervenors' motion is denominated as one "to punish [the] plaintiff * * * for contempt," the order appealed from, in substance, does nothing more than consider the validity of the plaintiff's objections to certain questions that were posed during the course of the June 29, 1993, deposition. Such an order is not appealable as of right *(see, Forte v Franklin Gen. Hosp.,* 185 AD2d 914; *Pinkans v Hulett,* 156 AD2d 877; *Matter of Beeman,* 108 AD2d 1010; *Roberts v Modica,* 102 AD2d 886; *Waldman v Sakow,* 65 AD2d 540; *Klein v Schneiderman,* 58 AD2d 763; 10 Carmody-Wait 2d, NY Prac § 70:20, at 37-38). Under the circumstances of this case, leave to appeal is granted as a matter of discretion.

In a separate appeal, we have determined that it was inappropriate to permit the intervenors to participate in the present matrimonial action *(see, Serdaroglu v Serdaroglu,* 209 AD2d 608 [decided herewith]). Thus, the defendant is the only party who may henceforth seek pretrial disclosure from the plaintiff in the context of this action.

We find that, with respect to the disputed questions posed by the defendant's counsel at the June 29, 1993, deposition, the plaintiff "[had] a reasonable cause to apprehend danger from a direct answer" *(State of New York v Carey Resources,* 97 AD2d 508, 509). Therefore, the plaintiff's assertion of his Fifth Amendment privilege was, at least with respect to those questions, justified. We, therefore, conclude that the plaintiff should not have been directed to answer those questions.

For the same reason, we reverse so much of the Supreme Court's second order dated September 13, 1993, as struck the plaintiff's pleadings.

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.