█ Salvatore Martino, Jr., et al., Appellants, v Bruce P. Kalbacher et al., Respondents. [639 NYS2d 144] —White, J. █

On October 27, 1992, fire destroyed a commercial building in the Town of Kinderhook, Columbia County, that was owned by plaintiffs and partially occupied by defendants, who had insured the premises with Claverack Co-Operative Insurance Company. Shortly thereafter, Claverack apparently retained an expert to investigate the fire and to prepare a report. During the discovery phase of this property damage action, plaintiffs moved to compel production of the expert's report. Supreme Court, agreeing with defendants that plaintiffs were not entitled to discover their expert's opinions and conclusions, denied plaintiffs' motion on the basis that the report constituted material prepared for litigation. Plaintiff appeals.

We reverse. CPLR 3101 (d) (2) provides that materials otherwise discoverable under CPLR 3101 (a), which were prepared in anticipation of litigation, are obtainable only upon a showing that "the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means". Initially, the party resisting disclosure has the burden of showing that the materials sought were prepared solely for litigation (*see*, *Mavrikis v Brooklyn Union Gas Co.*, 196 AD2d 689, 690; *Graf v Aldrich*, 94 AD2d 823, 824). In the event this burden is met, the party seeking disclosure must come forward with proof satisfying the conditions set forth in CPLR 3101 (d) (2) (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.49a).

In this instance, defendants' counsel claims, without any evidentiary support, that the subject report constitutes material prepared in anticipation of litigation. Clearly, this conclusory allegation is inadequate to satisfy defendants' burden (*see*, *Chakmakjian v NYRAC, Inc.*, 154 AD2d 644, 645; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402, 403; *Westhampton Adult Home v National Union Fire Ins. Co.*, 105 AD2d 627, 628). Thus, Supreme Court should have granted the motion.

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.