◼ LINDA L. GETMAN, Individually and as Administrator of the Estate of GARY LUKASZEWSKI, Deceased, Appellant, v THOMAS K. PETRO, Defendant, and WARD W. INGALSBE, JR., Respondent. [701 NYS2d 447] —Peters, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 23, 1998 in Ulster County, which, inter alia, partially granted a motion by defendant Ward W. Ingalsbe, Jr. for an order of protection.

Gary Lukaszewski (hereinafter decedent) died on February

26, 1992 due to the fatal effects of an undiagnosed aortic aneurysm soon after his discharge from Kingston Hospital in Ulster County. Plaintiff, decedent's wife, contacted defendant Thomas K. Petro for representation in the administration of decedent's estate. Defendant Ward W. Ingalsbe, Jr. thereafter solicited both plaintiff and Petro regarding the commencement of a medical malpractice action. After a meeting in April 1993 among plaintiff, Ingalsbe and Petro, it was agreed that Petro would forward decedent's medical records to Ingalsbe. Ultimately, both plaintiff and Ingalsbe signed a retainer agreement prepared by Ingalsbe.

On August 21, 1994, Ingalsbe and Petro met with plaintiff at which time Ingalsbe explained that after conferring with several doctors, he believed that the wrongful death action had no merit. According to plaintiff, she believed that an action had already been commenced on her behalf. She was later informed by an unnamed source that the Statute of Limitations had expired for the wrongful death action prior to her meeting with Ingalsbe. The record confirms that he first commenced the wrongful death and/or medical malpractice action on August 22, 1994.

Plaintiff commenced this legal malpractice action against both defendants. After issue was joined, plaintiff served defendants with a notice to produce copies of, *inter alia*, all written contracts or agreements pertaining to their representation arising from decedent's death as well as correspondence, retainer agreements, memoranda and pleadings. She further sought the original file pertaining to the representation of plaintiff and/or decedent's estate. In addition to characterizing the demand as overbroad, Ingalsbe annexed a "privilege log" detailing 25 items withheld from disclosure based upon a claim of privilege, attorney work product or upon the fact that it was "prepared and/or maintained for the purpose of giving internal review and direction to facilitate the performance of legal services". Defendants thereafter served plaintiff with a demand for a verified bill of particulars requesting 46 numbered items, several with lettered subdivisions. After plaintiff's general objection thereto, Ingalsbe moved for an order of protection pursuant to CPLR 3103 declaring certain material to be non-discoverable and to compel plaintiff to provide a further bill of particulars. Plaintiff cross-moved for partial summary judgment on the issue of liability.

Supreme Court partially granted Ingalsbe's motion, finding that all of the withheld material constituted attorney work product and that plaintiff was to provide a further bill of

particulars with respect to specific areas identified by the court. Plaintiff's cross motion was denied in its entirety. Plaintiff appeals.

It is well settled that a trial court has "broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action" (*Geary v Hunton & Williams*, 245 AD2d 936, 938). Upon our review of each of the documents listed in the privilege log,* we find it necessary to intervene. While we agree that documents numbered 4, 5 and 8 were properly withheld, we find no basis upon which to conclude that Ingalsbe's communications and correspondence with potential expert witnesses in connection with the medical malpractice action should be withheld pursuant to CPLR 3101 (d) (1) (i) since they are being sought in this action for legal malpractice based upon defendants' alleged wrongdoing (*see, Boucher v Williams*, 173 Misc 2d 265, 266; Siegel, 1998 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29A, 1999 Pocket Part, at 5).

Nor do we find that the remaining documents listed in the privilege log should be withheld since our review does not reveal that they served to "giv[e] internal direction to facilitate performance of the legal services entailed in that representation" (*Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 91 NY2d 30, 38). While documents of this kind are typically devoid of usefulness to a client or successor attorney, they do constitute evidence "material and necessary in the prosecution * * * [and even] defense of * * * [this] action" (CPLR 3101 [a]). Accordingly, all documents listed in the privilege log, other than documents numbered 4, 5 and 8, must be disclosed.

Turning to the order compelling plaintiff to provide a further response to those items specified by Supreme Court, we find no basis upon which to conclude that the court's determination on this issue constituted a "clear abuse of discretion" (*Geary v Hunton & Williams, supra*, at 938) sufficient to warrant our intervention.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Ward W. Ingalsbe, Jr. for a protective order declaring that he need not disclose the material referenced in his privi-

---

* The record reflects that the unredacted original papers described in the privilege log were also provided to Supreme Court for its review, *in limine*, upon the return date of the motion.

lege log; motion denied except to the extent that said defendant need not disclose the documents referenced by item numbers 4, 5 and 8 in his privilege log; and, as so modified, affirmed.