■ CLAVERACK COOPERATIVE INSURANCE COMPANY, as Subrogee of M.A.H. LLC, Respondent, v EDWARD A. NIELSEN, Individually and Doing Business as EDWARD NIELSEN CONTRACTING, Appellant. [745 NYS2d 604] —Mercure, J.P. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered November 13, 2001 in Columbia County, which granted plaintiff's motion to compel discovery.

Plaintiff paid its insured, M.A.H. LLC, for a fire loss to its real property and, claiming that defendant negligently caused the fire, brought this action to recover the amount paid. Following joinder of issue, plaintiff served a discovery demand seeking, as relevant to this appeal, "all written reports concerning the incident which is the subject of this litigation made in the usual course of business by any person or entity" (para 4), "[a]ll accident or incident reports" (para 7) and "[a]ll real estate or personal property evaluations made with respect to property referred to in the complaint" (para 8). Defendant took no action on the demands for a period of over six months and ultimately issued a response refusing to permit discovery of the demanded material upon the ground that it constitutes material prepared for litigation. Plaintiff thereafter moved to compel discovery. Supreme Court granted the motion, and defendant appeals.

We affirm. In essence, defendant's claim is that reports filed by a defendant with his or her own liability insurance carrier are immune from disclosure as material prepared in contemplation of litigation unless it can be shown that the reports served a mixed purpose and result at least in part from the internal operations of the defendant's business (*see*, CPLR 3101 [d] [2]; [g]; *Recant v Harwood*, 222 AD2d 372). That claim is essentially correct, but defendant's analysis tends to overlook the fact that the burden is on the party resisting disclosure to show that the materials sought were prepared solely for litigation (*see*, *Martino v Kalbacher*, 225 AD2d 862, 863) and this burden cannot be satisfied with wholly conclusory allegations (*see*, *id.* at 863; *James v Metro N. Commuter R.R.*, 166 AD2d 266, 268; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402, 403).

In this case, defendant asserts that he satisfied his burden

by presenting his own affidavit and that of his insurance company's claims representative indicating that defendant does not make accident reports as a usual and customary part of his business, but only to satisfy contractual obligations under his insurance policies. Defendant further avers that his liability carrier has at all times handled this third-party claim in anticipation of litigation and that all of its investigations, including damage estimates, were done in anticipation of litigation. Although provided by individuals with firsthand knowledge (*compare*, *Martino v Kalbacher*, *supra* at 863), the assertions set forth in those affidavits are nonetheless wholly conclusory. Notably, self-serving statements that the party seeking to avoid disclosure is not in the business of filing insurance reports and that all reports prepared were in anticipation of litigation are insufficient to establish that the material qualifies for the privilege of CPLR 3101 (d) (2) (*see*, *James v Metro N. Commuter R.R.*, *supra* at 268; *Chakmakjian v NYRAC, Inc.*, 154 AD2d 644, 645). Furthermore, "statements * * * given to a liability insurer's claims department as part of an internal investigation or for internal business purposes, as well as for defense purposes * * * are not immune from discovery as material prepared solely in anticipation of litigation" (*Agovino v Taco Bell 5083*, 225 AD2d 569, 571; *see*, *McKie v Taylor*, 146 AD2d 921). In order to satisfy his burden, it was incumbent on defendant to set forth the particulars concerning the demanded reports, including the number and the types of reports prepared, the authors, recipients and dates on which they were prepared and the impetus for their preparation (*see*, *Chakmakjian v NYRAC, Inc.*, *supra* at 645; *Crazytown Furniture v Brooklyn Union Gas Co.*, *supra* at 403). This he did not do. Under the circumstances, we perceive no clear abuse of Supreme Court's broad discretionary power in controlling discovery and disclosure (*see*, *Getman v Petro*, 266 AD2d 688, 690).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.