■ DONNA FRIEND et al., Respondents, v SDTC-THE CENTER FOR DISCOVERY, INC., Appellant, et al., Defendant. [787 NYS2d 163]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Meddaugh, J.), entered August 21, 2003 in Sullivan County, which, inter alia, directed defendant SDTC-The Center for Discovery, Inc. to produce certain patient records for an in camera inspection, and (2) from an order of said court, entered January 20, 2004 in Sullivan County, which, inter alia, directed said defendant to produce certain employee reports.

On May 16, 2001, plaintiff Donna Friend was working in her capacity as the sole owner and managing employee of plaintiff

Frantic Enterprises, Inc. (doing business as Dr. Clean), a dry cleaning and laundry business in the Village of Monticello, Sullivan County. On that day, two employees of defendant SDTC-The Center for Discovery, Inc., a nonprofit corporation which cares for mentally and emotionally disabled individuals, entered Friend's establishment accompanied by defendant John Doe, one of SDTC's "residents." According to Friend, Doe grabbed her arm, causing serious injury to her left arm and shoulder.

Thereafter, plaintiffs served a complaint asserting several causes of action, including a claim that SDTC was negligent in supervising Doe while patronizing their establishment. In response to a motion by plaintiffs, Supreme Court issued an August 2003 order directing SDTC to disclose "all records pertaining to . . . Doe" to the court for its in camera review. The court requested the information to determine whether "any such records contain information of a non-medical nature relating to any prior assaults or similar behavior by [Doe] that should be disclosed." SDTC thereafter moved, inter alia, for a protective order regarding certain employee incident reports that it claimed were prepared in anticipation of litigation. Supreme Court, inter alia, denied that request in a January 2004 order. SDTC appeals both orders.

Generally, clinical information which identifies patients or clients shall not be released except pursuant to a court order mandating disclosure after finding that "the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]; *see Sohan v Long Is. Coll. Hosp.*, 282 AD2d 597, 598 [2001]). Furthermore, disclosure of nonmedical information, including reports of prior assaults or similar violent behavior (*see Villano v State of New York*, 127 Misc 2d 761, 761 [1985]), does not violate the physician-patient privilege (*see Mohr v Hillside Children's Ctr.*, 1 AD3d 176 [2003]). Given that Mental Hygiene Law § 33.13 (a) requires facilities such as SDTC to maintain "*all* pertinent documents relating to the patient or client" (emphasis added), it is reasonable to assume that its records regarding Doe contain both medical and nonmedical information. Accordingly, Supreme Court's order directing an in camera inspection was appropriate (*see Mohr v Hillside Children's Ctr., supra* at 176; *Sohan v Long Is. Coll. Hosp., supra* at 598; *Villano v State of New York, supra* at 761).

Next, SDTC contends that Supreme Court improperly ordered disclosure of certain reports that SDTC claimed it prepared in anticipation of litigation (*see* CPLR 3101 [d] [2]). In particular, SDTC argues that a report made by its Administrator of Public Safety/Quality Assurance, William Burbage, regarding his

investigation of the incident, including staff interviews, should not be disclosed. Generally, "the party resisting disclosure has the burden of showing that the materials sought were prepared solely for litigation" (*Martino v Kalbacher*, 225 AD2d 862, 863 [1996]), "and this burden cannot be satisfied with wholly conclusory allegations" (*Claverack Coop. Ins. Co. v Nielsen*, 296 AD2d 789, 789 [2002]; *see Martino v Kalbacher, supra* at 863).

Here, SDTC claims that the report was prepared exclusively in anticipation of litigation because "the investigation, as well as the statements of the witnesses, were all taken subsequent to" a letter from plaintiffs' counsel apprising SDTC of the litigation and requesting its insurance information. However, the record also contains proof that staff was required to report the details of an incident such as the instant one. Therefore, reporting to Burbage was not an unexpected or unusual occurrence and may be considered part of SDTC's regular course of business operations (*see* CPLR 3101 [g]). Under the circumstances, "[i]t is not unreasonable to conclude that the report was 'multimotived', thereby not warranting immunity" (*Vandenburgh v Columbia Mem. Hosp.*, 91 AD2d 710, 711 [1982]). Accordingly, in light of Supreme Court's broad discretionary power to regulate discovery (*see Getman v Petro*, 266 AD2d 688, 690 [1999]) and the strong policy in favor of full disclosure (*see Vandenburgh v Columbia Mem. Hosp., supra* at 711), we find no reason to disturb Supreme Court's order directing disclosure of Burbage's report.

The remaining arguments raised by SDTC have been examined and found to be either without merit or not properly before us.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.