■ 148 MAGNOLIA, LLC, et al., Plaintiffs, v MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Respondent, and PUBLIC CONTRACTING NYC, INC., Appellant, et al., Defendants. [878 NYS2d 727]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered July 23, 2008, which denied defendant-appellant Public Contracting NYC, Inc.'s motion for a protective order and to quash a subpoena served by defendant-respondent Merrimack Mutual Fire Insurance Company, unanimously affirmed, with costs.

The demanded documents consist of a file reflecting the results of an investigation performed by appellant's insurance carrier's agent regarding the underlying fire incident which resulted in the instant litigation. The burden of establishing any right to protection is on the party asserting it; the protection claimed must be narrowly construed; and its application must be consistent with the purposes of the underlying immunity (*see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]).

A trial court is vested with broad discretion regarding discovery, and its determination will not be disturbed absent a demonstrated abuse of that discretion (*see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 41 AD3d 362, 364 [2007], *affd* 11 NY3d 843 [2008]; *Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190 [2005]). Here the motion court properly determined that the documents were not protected because appellant failed to demonstrate that the investigation was conducted solely in anticipation of litigation. Such reports of insurance investigators or adjusters prepared during the processing of a claim are discoverable in the regular course of the insurance company's business (*see Brooklyn Union Gas Co.*, 23 AD3d at 190; *Roman Catholic Church of Good Shepherd v Tempco Sys.*, 202 AD2d 257 [1994]).

We further note that appellant failed to properly affix to its motion papers an attorney's affirmation of good faith effort to resolve disclosure issues (*see* 22 NYCRR 202.7 [a] [2]; *Fanelli v Fanelli*, 296 AD2d 373 [2002]). Moreover, the affirmation of good faith appellant claims to have filed is deficient because it does not "indicate the time, place and nature of the consultation and the issues discussed and any resolutions" as required by the rule (*see Amherst Synagogue v Schuele Paint Co., Inc.*, 30 AD3d 1055, 1057 [2006]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.