■ VALERIE A. WHEELER, Respondent, v BRIAN FRANK et al., Appellants. [955 NYS2d 538]—

Lahtinen, J.

We affirm. Broad discretion is typically accorded the trial court's supervision of disclosure (*see e.g. Di Mascio v General Elec. Co.*, 307 AD2d 600, 601 [2003]). Generally, "the burden is on the party resisting disclosure to show that the materials sought were prepared solely for litigation and this burden cannot be satisfied with wholly conclusory allegations" (*Claverack Coop. Ins. Co. v Nielsen*, 296 AD2d 789, 789 [2002] [internal citation omitted]; *see Friend v SDTC-Center for Discovery, Inc.*, 13 AD3d 827, 829 [2004]). In opposition to plaintiff's motion, defendants relied entirely upon their attorney's affirmation, which merely asserted, in relevant part, that the statements "were prepared in anticipation of litigation." This conclusory assertion failed to satisfy defendants' burden (*see Pinkans v Hulett*, 156 AD2d 877, 878 [1989]; *see also Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]). Supreme Court did not err and acted within its discretion in granting plaintiff's motion (*see Claverack Coop. Ins. Co. v Nielsen*, 296 AD2d at 790).

Peters, P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.