■ Madison Mutual Insurance Company, as Subrogee of Eric C. Jerabek et al., Appellant, v Expert Chimney Services, Inc., et al., Defendants, and Greenhomes America, LLC, Sued Herein as Greenhomes America by En-Therm, Respondent. [960 NYS2d 249]—

Rose, J.P. Appeal from a supplemental order of the Supreme Court (Cerio Jr., J.), entered March 1, 2012 in Madison County, which, among other things, granted a motion by defendant Greenhomes America, LLC to compel certain discovery.

On December 11, 2009, a home owned by plaintiff's insureds, Eric C. Jerabek and Janice M. Jerabek, was damaged by fire. On that date, plaintiff hired Gordon Ivory to commence a cause and origin investigation of the fire and, several days later, plaintiff additionally engaged investigator Gary Hauf for that purpose. Plaintiff ultimately paid the fire loss claim under a homeowner's policy issued to the Jerabeks. In February 2010, plaintiff retained counsel and, in February 2011, commenced this subrogation action against defendants alleging various claims of negligence, breach of contract and breach of warranty. Following joinder of issue, defendant Greenhomes America, LLC (hereinafter defendant) served plaintiff with interrogatories and a notice to produce.

Dissatisfied with certain of plaintiff's responses to these disclosure demands, defendant moved to compel plaintiff "to serve further and complete responses." In an order entered December 22, 2011, Supreme Court, among other things, denied defendant's motion to compel with respect to the disputed interrogatories. As for the notice to produce, however, the court ordered plaintiff to submit a privilege log pursuant to CPLR 3122 (b). Plaintiff prepared and submitted such a log, noting its refusal to disclose 15 documents consisting of emails, a diagram and the investigative reports submitted by Ivory and Hauf on the basis that they were "material prepared in anticipation of litigation." Defendant then responded with its written objections, plaintiff opposed them and, in an order entered March 1, 2012, Supreme Court granted defendant's motion to produce the withheld 15 documents. This appeal by plaintiff ensued, and we now affirm.

Although plaintiff initially argues that Supreme Court characterized the subject case as a liability action in its December 2011 order and then unfairly changed its position in its March 2012 order to recognize plaintiff's status as a property insurer, plaintiff's reference is to language specifically employed by the court in that part of its earlier decision denying defendant's motion to compel a response to the interrogatories. Accordingly, it is not binding on this appeal from the March 2012 order. Further, it bears noting that even liability insurers undertaking the defense of their insured are required to meet appropriate burdens of proof in order to resist disclosure (*see Claverack Coop. Ins. Co. v Nielsen*, 296 AD2d 789, 789 [2002]).

Plaintiff also argues that Supreme Court abused its discretion when, after reviewing the privilege log, it directed disclosure of the disputed discovery items from plaintiff's claim file. We cannot agree. Significantly, CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action," and the party claiming immunity from disclosure has the initial burden of showing that the materials being sought were prepared solely and exclusively for litigation purposes (*see* CPLR 3101 [d] [2]; *148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d 486, 487 [2009]; *Martino v Kalbacher*, 225 AD2d 862, 863 [1996]; *Carden v Allstate Ins. Co.*, 105 AD2d 1048, 1049 [1984]). "[T]his burden cannot be satisfied with wholly conclusory allegations" (*Claverack Coop. Ins. Co. v Nielsen*, 296 AD2d at 789; *see Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 191 [2005]). Further, we note that mixed or "[m]ultipurpose reports are not free from disclosure" (*Carden v Allstate Ins. Co.*, 105 AD2d at 1049).

Here, Supreme Court correctly held that plaintiff failed in its initial burden of demonstrating that the disputed materials were immune from discovery. Plaintiff has submitted no affidavits or other information from anyone with first-hand knowledge that would support a conclusion that the investigative reports and other disputed documents in the file were prepared solely for use in this subrogation action. Instead, plaintiff provided only conclusory affidavits and documents from its counsel, not based on first-hand knowledge, that are insufficient to satisfy the required standard (*see Claverack Coop. Ins. Co. v Nielsen*, 296 AD2d at 789; *Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]; *Martino v Kalbacher*, 225 AD2d at 863). Counsel's references to various copies of emails and letters in the record do not, as plaintiff argues, conclusively demonstrate that the disputed materials were only related to future litiga-

tion and "not also used to evaluate [the insureds'] claim or that retention of an independent investigator was other than [the] ordinary course of business practice when confronted with a fire loss" (*Carden v Allstate Ins. Co.*, 105 AD2d at 1049).* Given the court's broad discretionary authority to regulate discovery (*see 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d at 487; *Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d at 190), we find no basis for reversal.

Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Spain, Stein and McCarthy, JJ., concur. Ordered that the supplemental order is affirmed, with costs.

---

* We note that while plaintiff's privilege log indicates that Hauf's report was not issued until December 2010—after plaintiff retained counsel in February 2010—the only information in the record before us indicates that Hauf's actual investigation was performed in conjunction with that of Ivory, prior to the retention of counsel.