*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 29, 2016        523089
_____

MARSHA HEWITT,
                    Appellant,

        v
                                            MEMORANDUM AND ORDER

PALMER VETERINARY CLINIC, PC,
                    Respondent,
                    et al.,
                    Defendant.
_____

Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

        Schneider & Palcsik, Plattsburgh (Mark Schneider of counsel), for appellant.

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Adam Hover of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Ellis, J.), entered April 25, 2016 in Clinton County, which denied plaintiff's motion to compel certain discovery.

        On April 16, 2014, plaintiff took her cat to be examined at a facility operated by defendant Palmer Veterinary Clinic, PC (hereinafter the clinic).  She was allegedly attacked and injured by a dog, owned by defendant Ann Hemingway, in the waiting area.  On April 25, 2014, counsel for plaintiff wrote to the clinic to notify it that he had been retained and urge it to notify its liability insurance carrier of plaintiff's "claim" as soon as possible.  After minimal discussions between counsel for

plaintiff and representatives of the carrier, plaintiff commenced this negligence and premises liability action against defendants in August 2014. The summons and complaint were served upon the clinic in September 2014.

Plaintiff demanded that the clinic produce certain items in the course of discovery, including documents from the file of the insurance adjuster in the clinic's possession, custody or control that were prepared before service of the complaint. The clinic refused to turn over those items upon the ground that they were "prepared directly in anticipation of litigation," and plaintiff moved to compel a response. Supreme Court denied the motion, and plaintiff appeals.

Inasmuch as "[t]he purpose of liability insurance is the defense and settlement of claims . . . once an accident has arisen," documents contained in the insurance adjuster's file are generally protected by "a conditional immunity . . . as material prepared for litigation" (Ainsworth v Union Free School Dist. No. 2, Queensbury, 38 AD2d 770, 771 [1972]; see CPLR 3101 [d] [2]; Litvinov v Hodson, 74 AD3d 1884, 1886 [2010]). Accident reports that are prepared with "a mixed purpose and result at least in part from the internal operations of the defendant's business" are not, however, exempt from disclosure (Claverack Coop. Ins. Co. v Nielsen, 296 AD2d 789, 789 [2002]; see CPLR 3101 [g]; Recant v Harwood, 222 AD2d 372, 373 [1995]; Pataki v Kiseda, 80 AD2d 100, 101-102 [1981], lvs dismissed 54 NY2d 606, 831 [1981]). It is therefore incumbent upon "the party resisting disclosure to[, in the first instance,] show that the materials sought were prepared solely for litigation and this burden cannot be satisfied with wholly conclusory allegations" (Claverack Coop. Ins. Co. v Nielsen, 296 AD2d at 789 [internal citation omitted]; see Jacaruso v Keyspan Energy Corp., 109 AD3d 585, 586 [2013]; Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d 995, 996 [2013]).

The clinic here neither disclosed what documents were encompassed by the discovery demand nor identified the specific documents that it claimed were prepared solely for litigation purposes. The clinic also made inadequate efforts to show that these unidentified documents were conditionally immune from

disclosure, submitting the conclusory affidavits of two individuals who baldly asserted that the undisclosed portions of the carrier's file beyond the April 25, 2014 communication from plaintiff's counsel had been created for litigation purposes (see Claverack Coop. Ins. Co. v Nielsen, 296 AD2d at 790; Agovino v Taco Bell 5083, 225 AD2d 569, 571 [1996]).  As a result, the clinic failed to meet its initial burden of demonstrating that conditional immunity attached to any of the demanded documents (see Wheeler v Frank, 101 AD3d 1449, 1449 [2012]; Pinkans v Hulett, 156 AD2d 877, 878 [1989]; McKie v Taylor, 146 AD2d 921, 922 [1989]; Sack v North Am. Sys., 115 AD2d 721, 721 [1985]).

While the clinic failed to meet its initial burden, compelling the disclosure of all demanded documents at this point is inappropriate (cf. Sack v North Am. Sys., 115 AD2d at 721). It is unclear what documents are encompassed by the discovery demand, many of which may well have been solely prepared for litigation purposes since they were created after the carrier became aware of plaintiff's claim and began communicating with her counsel.  Moreover, the parties were in agreement that Supreme Court should review the documents in camera if any question existed as to the applicability of conditional immunity. The most prudent course under these circumstances — and the one we follow — is to remit so that Supreme Court may review the documents in camera to determine whether they were exclusively prepared for litigation purposes and, if so, whether they should nevertheless be disclosed (see James v Metro N. Commuter R.R., 166 AD2d 266, 267-268 [1990]; Sovereign Indus. Corp. v Raleigh Warehouse, 74 AD2d 746, 747 [1980]).

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court