Anonymous v Anonymous (2018 NY Slip Op 08999)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Anonymous v Anonymous

2018 NY Slip Op 08999

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


7955N 350090/13 7954 7953

[*1] Anonymous, Plaintiff-Appellant,
vAnonymous, Defendant-Respondent.

Law Office of William S. Beslow, New York (William S. Beslow of counsel), for appellant.
Cohen Rabin Stine Schumann LLP, New York (Evridiki Poumpouridis of counsel), for respondent.

Orders, Supreme Court, New York County (Michael L. Katz, J.), entered February 9, 2017, which, inter alia, denied plaintiff husband's motions for pendente lite child support, for nonparty discovery and for leave to amend the complaint, unanimously affirmed, without costs.
The husband's motion for pendente lite child support was properly denied. In February 2015, Supreme Court granted the husband's motion for pendente lite maintenance to the extent of awarding him $12,000 in taxable maintenance per month. In deviating upward from the presumptive amount of maintenance of $10,613.20, the court reasoned that the husband would have been entitled to child support if he had requested it. Thus, contrary to the husband's contention that he is making an initial application for relief, he is actually seeking to modify the prior pendente lite order. Since the husband fails to offer proof of exigent circumstances, it is well established that the remedy for any perceived inequities in a pendente lite award is a speedy trial (see e.g. Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], appeal dismissed 14 NY3d 921 [2010]).
The court providently exercised its discretion in denying the husband's motion for nonparty discovery, namely, deposing certain nonparty witnesses. The parties have spent five years in contentious pretrial litigation, mostly surrounding discovery issues, since this divorce action was commenced. The husband previously sought to depose these same witnesses in 2015, and after several months of negotiations, the parties agreed that the husband would depose the wife's brother, who would appear voluntarily subject to certain conditions, and with the understanding that the court would then determine whether further nonparty discovery was necessary. The husband's subsequent failure to depose the wife's brother, without sufficient reason, resulted in a September 2016 order granting the wife's cross motion to quash all nonparty discovery, which had been held in abeyance pending her brother's deposition. Under the circumstances presented, there is no reason to disturb the court's denial of the subject motion (see Duracell Intl. v American Employers' Ins. Co., 187 AD2d 278 [1st Dept 1992]; see generally 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]).
The husband's request for leave to amend the complaint so as to add the wife's brother, [*2]father, and the estate of her late mother, was properly denied. The husband failed to submit a copy of the proposed pleading with the motion (see CPLR 3025[b]; Dragon Head LLC v Elkman, 102 AD3d 552, 553 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK