Vazquez v 3M Co. (2019 NY Slip Op 08133)





Vazquez v 3M Co.


2019 NY Slip Op 08133


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


190389/17 -10315B 10315A 10315

[*1] Danielle Vazquez, et al., Plaintiffs-Respondents,
v
3M Company, et al., Defendants, Burnham LLC, Defendant-Appellant.


Clyde & Co US LLP, New York (Peter J. Dinunzio of counsel), for appellant.
Simmons Hanly Conroy, New York (James M. Kramer of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 14, 2019, which denied defendant Burnham LLC's motion to vacate plaintiff's note of issue and to extend its time to move for summary judgment until after completion of discovery on the issue of punitive damages, unanimously affirmed, with costs. Order, same court and Justice, entered March 15, 2019, which denied as moot defendant's motion to reverse the decision of the Special Master and compel plaintiff to respond to its discovery requests, unanimously affirmed, with costs. Order, same court and Justice, entered May 6, 2019, which denied defendant's motion to extend its time to move for summary judgment until after completion of discovery on punitive damages, for summary judgment dismissing the punitive damages claim, or for permission to move for summary judgment once discovery is completed, unanimously affirmed, with costs.
Defendant's contention that the court abused its discretion in denying its motion to vacate the note of issue (see 22 NYCRR § 202.21[e]) has been rendered moot by the court's February 20, 2019 order directing plaintiff to submit more detailed discovery responses, plaintiff's subsequent compliance thereof, and the court's finding that the responses were "adequate" and "sufficiently detailed." Insofar as defendant challenges the adequacy of the responses, such is a matter of discretion for the court (see Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]; 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]), and we perceive no basis to disturb its determination. In any event, the court providently exercised its discretion in declining to vacate the note of issue, as the supplemental responses plaintiff submitted bear out his claim that it was the same evidence that he had previously produced. In any event, the court had discretionary power to direct discovery post-note of issue, absent prejudice to either party (see Cuprill v Citywide Towing & Auto Repair Servs., 149 AD3d 442 [1st Dept 2017]).
The court properly denied defendant summary judgment dismissing the punitive damages claim. Defendant argues the plaintiff has not identified any evidence showing that it engaged in the type of egregious conduct required to support an award of punitive damages. However, defendant cannot meet its prima facie burden by pointing to perceived gaps in plaintiff's proof (see Ricci v A.O. Smith Water Prods. Co., 143 AD3d 516 [1st Dept 2016]; Koulermos v A.O. Smith Water Prods., 137 AD3d 575 [1st Dept 2016]). In any event, even if defendant satisfied its burden, summary judgment dismissing the claim is unwarranted. While the parties strongly dispute whether the evidence sufficiently supports a punitive damages claim, the actual evidence has not been presented to the motion court or this Court. Thus, determination of the issues are better left for the trial court and for a fact-finder to decide.
None of defendant's due process rights were violated. Its contention that its right to notice was violated by plaintiff's failure to timely plead the punitive damages claim is undermined by the fact that plaintiff had informed it of its intention to seek punitive damages by letter dated October 10, 2018. Its contention that it has been deprived of its right to discovery, when the court "terminated" discovery based on the "vague" responses, is undermined by the court's finding that the responses were "adequate" and "sufficiently detailed." Although the court abused its discretion (see e.g. Leon v St. Vincent De Paul Residence, 56 AD3d 265 [1st Dept 2008]), in denying defendant's motion to extend the deadline to move for summary judgment, such denial did not violate defendant's due process rights to discovery and to establish a defense. Defendant ultimately received the requested discovery, which the court found adequate. Further, defendant does not argue, and has not shown that it could have filed a meritorious summary judgment motion had it been afforded more time to do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK