Rodney v City of New York (2021 NY Slip Op 01868)





Rodney v City of New York


2021 NY Slip Op 01868


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 156259/18 Appeal No. 13450N Case No. 2020-03368 

[*1]Kelly Rodney, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for The City of New York, Hudson Yards Development Corporation and Hudson Yards/Hell's Kitchen Business Improvement District, Inc., respondents.
Chiumento McNally, LLC, New York (Gary C. Chiumento of counsel), for Michael Van Valkenburgh Associates, Inc., respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about April 29, 2020, which to the extent appealed from as limited by the briefs, denied plaintiff's motion to strike the answer of defendant Michael Van Valkenburgh Associates, Inc. (MVVA), and granted MVVA leave to renew its cross motion for a protective order, unanimously affirmed, without costs.
It is well established that a trial court has broad discretion over the discovery process, and its determinations will not be set aside absent a clear showing of abuse of discretion (see Arts4All, Ltd. v Hancock, 54 AD3d 286, 286-287 [1st Dept 2008], affd 12 NY3d 846 [2009], cert denied 559 US 905 [2010]; 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]). Here, Supreme Court providently exercised its discretion by denying plaintiff's motion to strike MVVA's answer, due to her failure to demonstrate that any noncompliance with the court's single discovery order was willful, contumacious, or in bad faith (see Lee v 13th St. Entertainment LLC, 161 AD3d 631 [1st Dept 2018]; Delgado v City of New York, 47 AD3d 550 [1st Dept 2008]).
The court also providently exercised its discretion by permitting MVVA leave to renew its discovery-related cross motion for a protective order (see Ramos v Dekhtyar, 301 AD2d 428, 429 [1st Dept 2003]; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-377 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021