M.P. v Jewish Bd. of Family & Children's Servs. (2022 NY Slip Op 07194)

M.P. v Jewish Bd. of Family & Children's Servs.

2022 NY Slip Op 07194

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 26902/17E Appeal No. 16948 Case No. 2022-03263 

[*1]M.P., an Infant by her Parent and Natural Guardian, Fabiana P., et al., Plaintiffs-Respondents,
v
Jewish Board of Family & Children's Services, Defendant-Appellant, Henry Itelson Center et al., Defendants.

Fullerton Beck, LLP, White Plains (Joseph A. Sauer of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, PLLC, New York (Stacey Haskel of counsel), for respondents.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 22, 2022, which granted plaintiffs' motion for a protective order to preclude defendant Jewish Board of Family & Children's Services from taking a videotaped deposition of the infant plaintiff, unanimously affirmed, without costs.
Our discovery rules provide for "full disclosure of all matter material and necessary in the . . . defense of an action" by a party to that action (CPLR 3101[a]), including for recording of depositions (see CPLR 3113[b]; Uniform Rules for Trial Cts [22 NYCRR] § 202.15[a]). It is well settled, however, that "'competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party'" (Forman v Henkin, 30 NY3d 656, 662 [2018], quoting Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]). Accordingly, Supreme Court is empowered to deny or limit disclosure "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103[a]; see Jones v Maples, 257 AD2d 53, 56 [1st Dept 1999]["CPLR 3103 (a) gives the courts wide discretion to preclude or appropriately limit the use of any particular disclosure device where it determines that the use of that device would cause unreasonable annoyance or embarrassment"]).
Our case law leaves no doubt that "[a] trial court is vested with broad discretion regarding discovery, and its determination will not be disturbed absent a demonstrated abuse of that discretion" (148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]; see e.g. Mendez v Equities By Marcy,24 AD3d 138, 138 [1st Dept 2005] ["the motion court properly exercised its broad discretion to supervise the discovery process"]). Although we are empowered to substitute our own discretion for that of the trial court, this is "a power we rarely and reluctantly invoke" (Estate of Yaron Ungar v Palestinian Auth., 44 AD3d 176, 179 [1st Dept 2007]).
Here, the motion court providently exercised its discretion in granting a protective order to preclude defendant from videotaping the infant plaintiff's deposition (see generally Forman, 30 NY3d at 662; Jones, 257 AD2d at 56). In balancing the competing interests, the court permitted defendant to "include the adjuster or other interested individual to be virtually present at the [p]laintiff's deposition with their microphones muted." We clarify that the deposition should be conducted in a manner that the persons observing remotely are not visible to plaintiff. Contrary to defendant's contention, plaintiffs' explanation that videotaping the deposition would compound the infant plaintiff's traumatic experience of reliving the alleged sexual assaults committed by defendant's employee satisfied plaintiffs' burden of demonstrating that a videotaped deposition would be improper (cf. Jones, 257 AD2d at 54; Sage Realty Corp. v Proskauer Rose, 251 AD2d [*2]35, 40 [1st Dept 1998]; see CPLR 3103[a]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022