**Ross v 139 E. 56th St. Landlord LLC**

2026 NY Slip Op 30983(U)

March 16, 2026

Supreme Court, New York County

Docket Number: Index No. 153076/2024

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

**PRESENT:** <u>HON. LESLIE A. STROTH</u>  **PART** **12M**

*Justice*

--------------------------------------------------------------X

MARCIA ROSS,

Plaintiff,

- v -

139 EAST 56TH STREET LANDLORD LLC., SUNRISE
EAST 56TH, FUJITEC AMERICA INC.

Defendant.

--------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153076/2024 |
| **MOTION DATE** | 11/12/2025, 11/11/2025, 12/09/2025 |
| **MOTION SEQ. NO.** | 002 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 81

were read on this motion to/for  <u>VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR</u>  .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 53, 54, 55, 56, 57, 74, 75, 76, 82, 114, 115, 116, 117, 118, 119, 120

were read on this motion to/for  <u>VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR</u>  .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 112, 113

were read on this motion to/for  <u>SPECIAL PREFERENCE</u>  .

This action arises from injuries that Plaintiff allegedly sustained after being struck by elevator doors when visiting her husband at an assisted living facility. In the instant motions, Defendants 139 East 56th Street Landlord LLC ("139 East 56th Street"), Sunrise East 56th ("Sunrise"), and Fujitec America Inc. ("Fujitec") move to vacate the note of issue, and Plaintiff moves for a special preference.

## A. Vacate Note of Issue

In their motion to vacate the note of issue, Defendants 139 East 56th Street and Sunrise argue that the following discovery is outstanding: (a) the continued deposition of plaintiff, (b) the deposition of Fujitec regarding crossclaims and contract obligations, (c) the non-party deposition

1 of 5

of Plaintiff's husband Arthur Ross, (d) Fujitec responses to demands dated September 16, 2025, and (e) authorizations related to Plaintiff's fall in January 2025. Similarly, Defendant Fujitec argues that the continued deposition of Plaintiff is outstanding, as well as the deposition of Plaintiff's husband, Arthur Ross.

In opposition, Plaintiff argues that all parties have been deposed, and non-party witness, Susan Parker, was deposed on October 22, 2025. Plaintiff asserts that defendants only reserved their right to further depose Plaintiff, but did not schedule Plaintiff's continued deposition, nor did they schedule the non-party deposition of Arthur Ross. Plaintiff argues that these depositions can be completed post-note and do not require that the note of issue be vacated.

Pursuant to 22 NYCRR 202.21(e),

> Within 20 days after service of a note of issue and certificate of readiness, any action to the party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect . . .

The "note of issue should be vacated where it is based upon a certificate of readiness that incorrectly states that all discovery has been completed" (*Matos v City of New York*, 154 AD3d 532, 533 [1st Dept 2017]). However, "[t]rial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced" (*Cuprill v Citywide Towing and Auto Repair Services*, 149 AD3d 442, 442 [1st Dept 2017]).

The rules for this Part clearly state that "any motions related to disclosure may not be filed without first conferencing the matter with the Court." Additionally, "[a]bsent exigent circumstances, prior to contacting the court regarding a disclosure dispute, counsel must first consult with one another in a good faith effort to resolve all disputes about disclosure" (N. Y. Ct.

[* 2]

R. 202-20-f [McKinney]). Motions related to disclosure must include an affirmation of good faith, affirming "that counsel has conferred with counsel for the opposing party in a good faither effort to resolve the issues raised by the motion" and "indicat[ing] the time, place and nature of the consultation and the issues discussed and any resolutions" (22 NYCRR § 202.7 [a][2], [c]).

Here, Plaintiff filed the note of issue on October 24, 2025. No conference was requested or held prior to the filing of Defendants' motions to vacate the note of issue, which were filed on November 10, 2025 and November 11, 2025. In support of motion sequence 002, Defendants 139 East 56th Street and Sunrise provide an Affirmation of Good Faith (NYSCEF Doc. No. 60), which states that they solely exchanged emails with Plaintiff's counsel on October 24, 2025, the day the note of issue was filed, regarding the outstanding discovery. This one email exchange, "fail[s] to demonstrate that [Defendants] made a diligent effort to resolve this discovery dispute" (*Amherst Synagogue v Schuele Paint Co., Inc.*, 30 AD3d 1055, 1057 [4th Dept 2006], quoting *Baez v Sugrue,* 300 AD2d 519, 521 [2d Dept 2002]; *see also148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d 486 [1st Dept 2009]). Additionally, Defendant Fujitic's motion (motion sequence 003) fails to include the required affirmation of good faith (*see* 22 NYCRR § 202.7 [a][2]; *148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d at 486). As such, Defendants' motions to vacate the note of issue (motion sequence nos. 002 and 003) are denied.

However, the parties are directed to meet and confer to ensure that any outstanding discovery is completed in a timely manner. To the extent that discovery issues exist after the requisite efforts are made to resolve such issues as required by 22 NYCRR § 202.7(c), the parties may contact the Part to schedule a discovery conference.

**B. Special Preference**

Turning to Plaintiff's motion for special preference, Plaintiff seeks a trial preference on the basis that she is 80 years old. Defendants 139 East 56th Street and Sunrise oppose the motion, arguing that it is untimely and premature because there is outstanding discovery.

CPLR 3403 provides that cases are generally tried "in the order in which notes of issue have been filed," but make exceptions for various cases. Specifically, CPLR 3403(a)(4) provides that "the following shall be entitled to a preference . . . in any action upon the application of a party who has reach the age of seventy years old." In support of her motion, Plaintiff includes her New York State driver's license, which shows that her birthday is October 18, 1945 (*see* NYSCEF Doc. No. 80, Plaintiff's Exhibit A). As it is undisputed that Plaintiff is over the age of seventy and the trial preference pursuant to CPLR 3403(a)(4) is mandatory, Plaintiff is entitled to a trial preference as a matter of law (*see Tytel v Battery Beer Distributors, Inc.*, 194 AD2d 330 [1st Dept 1993]). Moreover, to the extent that the motion is untimely, as it was filed 46 days after the note of issue (*see* CPLR 3404[b]), the court deems the motion timely nunc pro tunc in the interest of justice.

Accordingly, it is hereby

ORDERED that Defendants' motions to vacate the note of issue (motion sequence nos. 002 and 003) are denied and the parties shall meet and confer to resolve any discovery disputes within 30 days from the date of this order; and it is further

ORDERED that Plaintiff's motion for a special preference is granted; and it is further

ORDERED that counsel for plaintiffs shall, within fifteen days of the date of this decision and order, serve a copy of this order, with notice of entry, on defendants and upon the Clerk of the Trial Support Office (Room 158), who is directed to place this case on the trial

calendar at the head of said calendar except for actions in which a preference was previously granted; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* accessible at the court's website.

This constitutes the decision and order of the Court.

| 3/16/2026 | | | |
|---|---|---|---|
| DATE | | | HON. LESLIE A. STROTH J.S.C. |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |