■ WILLIAM C. CONSTABLE, JR., Appellant, v. COLONIE TRUCK SALES, INC., Respondent, et al., Defendant. (And One Other Action.) — Appeals from orders of Supreme Court, Special Term, entered in Albany County, which dismissed the second cause of action in each of plaintiffs' complaints on the grounds that they are barred by the Statute of Limitations. Plaintiffs are the operator and owner respectively of a tractor purchased from defendant Colonie Truck Sales, Inc., July 27, 1965 and manufactured by defendant White Motor Corporation. On May 22, 1967 an accident occurred, allegedly caused by a defectively manufactured steering mechanism. Actions based on negligence and breach of warranty were commenced in April, 1970. Special Term dismissed the warranty actions as time barred by the provisions of section 2-725 of the Uniform Commercial Code. The statute provides that the cause of action accrues when the breach occurs, i.e., tender of delivery, regardless of the aggrieved party's lack of knowledge. This is consistent with the prior law of this State holding that the breach occurred at the time of sale, not at the time of discovery. (*Mendel* v. *Pittsburg Plate Glass Co.*, 25 N Y 2d 340; see, also, *Lewis* v. *Royle & Sons*, 37 A D 2d 639.) Orders affirmed, without costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ JOYCE MAYER et al., Appellants, v. ALBANY MEDICAL CENTER HOSPITAL, Respondent.— Appeal from so much of an order of the Supreme Court at Special Term, entered April 8, 1971 in Rensselaer County, which granted defendant's motion to vacate or modify plaintiffs' notice for discovery and inspection to the extent of deleting therefrom the requirement that defendant produce certain records of a nonparty. Plaintiff wife was visiting her father in defendant's psychiatric ward when she was assaulted by another patient in the ward, which allegedly resulted in serious bodily injury. She brings this action in negligence against the defendant hospital, claiming failure to properly supervise dangerous psychiatric patients, and seeks disclosure of certain specified portions of the hospital records of the assailant patient. Defendant moves for an order vacating and modifying the notice of discovery on the ground that the records relate to a nonparty who had not himself been given notice. Special Term granted the motion, reserving the right of the trial court to permit disclosure of the records at the time of trial. It is significant that plaintiffs request only nonmedical data. They desire information relating solely to the patient's propensities, in order to establish knowledge on the part of the defendant. Under the provisions of CPLR 3120 (subd. [a]) discovery and inspection may be had against a party in possession of the material sought. We conclude that plaintiffs' notice under the circumstances was proper. Plaintiffs are entitled to all nonmedical data pertaining to prior assaults or attempted assaults by the patient, including the time and place and surrounding circumstances, together with the date the information came within the knowledge of defendant. They are also entitled to know the length and number of times the patient was confined to the defendant's institution. Order modified, on the law and the facts, so as to permit discovery and inspection not inconsistent herewith, and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ., concur. [56 Misc 2d 239.]