■ ELSIE A. BRIER, an Infant, by FREDERICK BRIER, Her Parent and Natural Guardian, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 62960.) — Appeal by claimants, as limited by their notice of appeal and brief, from so much of an order of the Court of Claims (Silverman, J.), dated May 3, 1982, as ordered that "this court will not review the 700 pages of the hospital record" of a former patient at defendant's institution. Order reversed, insofar as appealed from, without costs or disbursements, the third decretal paragraph is deleted and the matter is remitted to the Court of Claims for an *in camera* inspection of the hospital record in question, at the conclusion of which the court shall furnish the claimants with a redacted copy of said record. In the process of redacting the hospital record the court shall exclude therefrom (1) all reports and references concerning physical and psychological examinations, the results thereof, prognosis, diagnosis and treatment, (2) any entry where a doctor, nurse or other medical personnel refers to a prior assault or act of violence between the patient and another as a starting point for that entry, or such entry that is made as the basis for their interviewing and/or treating the patient and (3) any entry by medical personnel concerning treatment of the patient for the specific incident which was the basis of his referral to them. The court shall include in the redacted copy of the hospital record to be furnished to the claimants (1) all reports and references made, regardless of author, concerning any assaultive or violent behavior between the patient and another, including the time and place and surrounding circumstances, the date the information came within the knowledge of defendant, and any subsequent action, such as a transfer within the institution taken by institution personnel, the police department, the courts, etc., where such action was predicated upon the aforesaid behavior, and (2) the number of times the patient was confined to defendant's institution and the length of each stay thereat. It is alleged, *inter alia,* that the infant claimant was attacked by a former patient of a State medical facility and that said patient was negligently released by defendant. Claimants move to discover, among other things, the hospital record of the former patient, who is not a party to the instant case. The Court of Claims ordered the defendant to review and redact the hospital record. On this appeal, claimants assert that the court should have conducted an *in camera* inspection of the hospital record and should have redacted it itself rather than delegating the task to defendant. Under the circumstances of this case, and in light of defendant's offer to permit an *in camera* inspection of the hospital record, and claimants' accord, we direct that such a review be conducted by the Court of Claims in accordance herewith. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.