OPINION OF THE COURT
Gerard M. Weisberg, J.
A claimant, who was allegedly assaulted by a psychiatric patient under the care of the defendant, State of New York, seeks to discover and inspect the assailant’s hospital record as well as any incident reports involving attacks by that individual.
All medical information contained in these documents is privileged. (See, Moore v St. John’s Episcopal Hosp., 89 AD2d 618.) However, claimant is entitled to all nonmedical data, particularly reports of similar violent behavior. (See, Homere v State of New York, 41 AD2d 797; Mayer v Albany Med. Center Hosp., 37 AD2d 1011.) The determination of what shall be disclosed must be made by the court after an in camera inspection. (Brier v State of New York, 95 AD2d 788.)
Pursuant to a stipulation defendant submitted the documents in question. Upon inspection, 13 pages were found to be illegible in whole or in part due to poor photo reproduction and defendant was directed to produce the originals or readable copies.
Defendant substantially complied with this order. The in camera inspection of the resubmitted pages has now been concluded. However, a copy of one of the subject pages, designated as 616, continues to be incomplete. Although it shows some *762 medical information, this sheet appears to be only partially reproduced with portions of its edges missing. The defendant claims it is unable to locate the original.
The confidentiality of the record in question is guaranteed by Mental Hygiene Law § 33.13. However, the statutory confidentiality that is so provided is not absolute and, in a proper case, has been required to yield to countervailing interests. (Matter of State of New York — Off. of Mental Retardation & Dev. Disabilities v Mastracci, 77 AD2d 473; Matter of Civil Serv. Employees Assn., 72 AD2d 526; see also, Matter of Camperlengo v Blum, 56 NY2d 251.)
The physician-patient privilege also shields the document in question. (See, Matter of Warrington [State of New York], 303 NY 129; CPLR 4504.) Nevertheless, it has been held that, as between persons in State mental institutions and their hospital physicians, any such privilege is limited by the applicable section of the Mental Hygiene Law relating to the confidentiality of records. (Scolavino v State of New York, 187 Misc 253, 260, mod 271 App Div 618, affd 297 NY 460.)
This court has the discretionary power to release this record under the authority of that law. Under a recent amendment to the statute, this power may be exercised where “the interests of justice significantly outweigh the need for confidentiality”. (Mental Hygiene Law § 33.13 [c] [1], as amended by L 1984, ch 912; see also, Perry v Fiumano, 61 AD2d 512, 518-519.)
In this situation, the statutory strictures have been satisfied. An inequity has been created by the State’s inability to produce a complete copy of the paper that was in its possession. We are called upon to make an in camera inspection of a partial record, and to remedy this one-sidedness; fairness and justice dictate the disclosure of that portion of the page that the defendant has provided.