■ TREVOR SOHAN, Respondent, v LONG ISLAND COLLEGE HOSPITAL, Appellant. [723 NYS2d 384] —In an action to recover

damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Gigante, J.), dated April 18, 2000, as granted the plaintiff's motion to strike its answer to the extent of directing that it provide the plaintiff with copies of all medical records of the assailant, including all psychiatric records, with confidential information redacted.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

While the plaintiff was a psychiatric patient at the defendant hospital, he was allegedly assaulted by another psychiatric patient. As a result, he commenced the instant action against the defendant, claiming that it was negligent in permitting patients with violent propensities to associate with other patients. During discovery, the plaintiff sought a complete copy of all medical records of his assailant, including all psychiatric records.

Clinical information tending to identify patients or clients and clinical records maintained at a facility licensed or operated by the New York State Office of Mental Health shall not be released except pursuant to a court order requiring disclosure upon a finding that the "interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]; [e]). The Supreme Court failed to make the requisite finding. In addition, the Supreme Court erred in directing the defendant to redact confidential information. The proper procedure is for the Supreme Court to conduct an in camera review of the assailant's records, and determine if they contain information of a nonmedical nature relating to any prior assaults or similar violent behavior by the assailant that should be disclosed (see, Moore v St. John's Episcopal Hosp., 89 AD2d 618; Brier v State of New York, 95 AD2d 788; Villano v State of New York, 127 Misc 2d 761; see also, Lee v New York City Tr. Auth., 257 AD2d 611; Matter of Ashford v Brunswick Psychiatric Ctr., 90 AD2d 848; Mayer v Albany Med. Ctr. Hosp., 37 AD2d 1011). Accordingly, the matter is remitted to the Supreme Court, Kings County, to determine whether the records should be disclosed, and, if necessary, to conduct an in camera review of the assailant's records. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.