■ J.Z. et al., Respondents, v SOUTH OAKS HOSPITAL, Appellant, et al., Defendant. [886 NYS2d 915]—

In an action to recover damages for personal injuries and negligent infliction of emotional distress, etc., the defendant South Oaks Hospital appeals from an order of the Supreme Court, Suffolk County (Sweeney, J.), dated April 9, 2009, which, following an in camera review of the clinical record of the defendant S.A., granted that branch of the plaintiffs' motion which was to compel it to produce a copy of six entries of the interdisciplinary treatment note of that defendant.

Ordered that the order is affirmed, with costs.

The Supreme Court properly conducted an in camera review of the clinical record of the defendant S.A. (hereinafter the patient) and determined that six entries in the patient's interdisciplinary treatment note related to prior assaults or similar violent behavior that should be disclosed (*see Sohan v Long Is. Coll. Hosp.,* 282 AD2d 597, 598 [2001]; *Brier v State of New York,* 95 AD2d 788 [1983]; *Moore v St. John's Episcopal Hosp.,* 89 AD2d 618 [1982]). While the plaintiffs were not entitled to the medical information contained in the patient's

clinical record absent a showing that the privilege had been waived (*see* CPLR 4504 [a]), and absent a finding that the interests of justice significantly outweighed the need for and the right of the patient's confidentiality (*see* Mental Hygiene Law § 33.13 [c] [1]; [e]; *Exelbert v State of New York*, 140 AD2d 665 [1988]), the plaintiffs were entitled to information of a nonmedical nature relating to any prior assaults or similar violent behavior (*see Mohr v Hillside Children's Ctr.*, 1 AD3d 176 [2003]; *Moore v St. John's Episcopal Hosp.*, 89 AD2d 618 [1982]).

We note, however, that the interdisciplinary treatment note must be redacted, as directed by the Supreme Court, to remove all mention of treatment of, and medication administered to, the patient. Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.