■ KELLY THOMPSON, Respondent, v PIBLY RESIDENTIAL PROGRAMS, INC., Appellant, et al., Defendant. [892 NYS2d 395]—

Defendant resident's records, redacted so as not to pertain to diagnosis or treatment but only to behavior, are not privileged and may be used to establish defendant program's prior actual or constructive knowledge of defendant resident's propensity for violence toward plaintiff (*see J.Z. v South Oaks Hosp.*, 67 AD3d 645 [2009]; *Moore v St. John's Episcopal Hosp.*, 89 AD2d 618, 619 [1982]). Since records of diagnosis or treatment were not sought and are not at issue, it is irrelevant whether defendant resident placed her medical condition in controversy or that she denied consent to release of the records. Neither Mental Hygiene Law § 33.13 nor the Health Insurance Portability and Accountability Act of 1996 bar court-ordered disclosure (*see Arons v Jutkowitz*, 9 NY3d 393, 414 [2007]). We have considered defendant program's other contentions and find them unavailing. Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.