L.T., Appellant, v Teva Pharmaceuticals USA, Inc., et al., Defendants, and The Harvard Drug Group, L.L.C., Respondent. [898 NYS2d 742]—

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered November 4, 2008. The order granted the motion of defendant, the Harvard Drug Group, L.L.C., to compel plaintiff to provide it with authorizations compliant with the Health Insurance Portability and Accountability Act permitting release of plaintiff's alcohol treatment records and denied the cross motion of plaintiff for a protective order.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion without prejudice and vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order granting the motion of the Harvard Drug Group, L.L.C. (defendant) to compel plaintiff to provide authorizations permitting the release of her alcohol treatment records and denying plaintiff's cross

motion for a protective order. Generally, records concerning substance abuse treatment are confidential and are not subject to disclosure unless certain requirements are met (*see e.g.* 42 USC § 290dd-2 [a], [b]; Mental Hygiene Law §§ 22.05, 33.13 [c]). Defendant is correct that, absent evidence that plaintiff was treated by a facility "conducted, regulated, or directly or indirectly assisted by any department or agency of the United States," the federal statute does not apply (42 USC § 290dd-2 [a]; *see United States v Zamora*, 408 F Supp 2d 295, 299-300 [2006]). We agree with plaintiff, however, that the state law applies and thus that disclosure by court order is permitted only "upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]; *see* § 22.05). Here, the court failed to make the requisite finding that the interests of justice significantly outweighed the need for confidentiality (*see e.g. Matter of Michelle HH.*, 18 AD3d 1075, 1077-1078 [2005]; *Sohan v Long Is. Coll. Hosp.*, 282 AD2d 597 [2001]), and we conclude that Supreme Court abused its discretion in ordering plaintiff to provide defendant with authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (42 USC § 1320d *et seq.*) permitting release of her alcohol treatment records (*see generally MS Partnership v Wal-Mart Stores*, 273 AD2d 858 [2000]).

Furthermore, the court erred in failing to recognize a serious deficiency in defendant's submissions in support of the motion. Plaintiff suffers from tardive dyskinesia (TD) and alleges that it was caused by her use of defendant's medication to treat her gastroesophageal disease. All of the articles submitted by defendant link alcohol abuse or dependency to TD only for psychiatric patients who are concomitantly using antipsychotic or neuroleptic medications. The record contains no evidence that plaintiff ever used such medication or, indeed, that she ever suffered from a psychiatric condition, and thus defendant failed to establish a link between plaintiff's alleged alcohol abuse or dependency in the 1990s and plaintiff's having developed TD in 2007 (*cf. Napoleoni v Union Hosp. of Bronx*, 207 AD2d 660 [1994]; *see generally Manley v New York City Hous. Auth.*, 190 AD2d 600, 600-601 [1993]).

Defendant contends that antipsychotic medications are sometimes used to treat alcoholics suffering from withdrawal and thus that discovery is warranted because it is possible that plaintiff was prescribed such antipsychotic medications while being treated for her alcohol use. That contention is not properly before us, however, because it is raised for the first time on ap-

peal (*see generally* CPLR 5501 [a]; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, the record contains no evidence that plaintiff was ever prescribed such medication and thus does not support defendant's contention.

While the record does not justify the disclosure of the confidential alcohol treatment records, we agree with defendant that it should be allowed to provide expert witness affidavits and/or "medical texts and journals" establishing a link between alcohol abuse and the development of TD where the person suffering from TD was not a psychiatric patient being treated with antipsychotic or neuroleptic medication (*Green v City of New York*, 281 AD2d 193, 193 [2001]). We thus conclude at this juncture that the court properly denied plaintiff's cross motion for a protective order, and we modify the order by denying defendant's motion without prejudice and vacating the directive that plaintiff provide defendant with HIPAA compliant authorizations permitting release of her alcohol treatment records. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.