# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**389**
**CA 10-00989**
PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

DAVID SZMANIA AND DEBORAH SZMANIA,
CLAIMANTS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 111596.)
(APPEAL NO. 2.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANTS-APPELLANTS.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered August 27, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of claimants to compel the production of documents.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the first ordering paragraph with respect to demand number one in claimants' "Notice to Produce Documents and Things" dated January 14, 2008 and as modified the order is affirmed without costs and the matter is remitted to the Court of Claims for further proceedings in accordance with the following Memorandum: Claimants commenced this action seeking damages for injuries sustained by David Szmania (claimant), an off-duty police officer, when he was assaulted by a resident of the West Seneca Developmental Center, a facility operated by the New York State Office of Mental Retardation and Developmental Disabilities. The resident had fled from the facility and was in the neighborhood of the facility at the time of the assault. In appeal No. 1, claimants appeal from an order denying in part their motion to compel disclosure and, in appeal No. 2, they appeal from an order also denying in part their subsequent motion to compel disclosure.

With respect to appeal No. 1, we conclude that the Court of Claims properly determined that certain portions of the relevant incident reports, as well as additional incident notification forms, were precluded from disclosure pursuant to Education Law § 6527 (3) and Mental Hygiene Law § 29.29. Contrary to claimants' contention, the court properly concluded, following an in camera review, that the portions of the relevant incident reports and the incident

notification forms in question were exempt from disclosure inasmuch as they were prepared in connection with a quality assurance review function (*see generally Katherine F. v State of New York*, 94 NY2d 200, 205; *Klingner v Mashioff*, 50 AD3d 746, 747).

With respect to appeal No. 2, claimants contend that the court erred in denying that part of their motion to compel defendant to produce the "West Seneca Developmental Center File" (File), including all medical and psychiatric records, for the resident who assaulted claimant. Generally, claimants are "not entitled to the medical information contained in [a resident-patient's] clinical record absent a showing that the privilege [pursuant to CPLR 4504] ha[s] been waived . . ., and absent a finding that the interests of justice significantly outweigh[ ] the need for and the right of the patient's confidentiality" (*J.Z. v South Oaks Hosp.*, 67 AD3d 645, 645-646; *see generally* Mental Hygiene Law § 33.13 [c]). Claimants contend that here the resident waived any applicable privilege by pleading not responsible by reason of mental disease or defect in the related criminal proceeding (*see generally* Penal Law § 40.15; *Webdale v North Gen. Hosp.*, 7 Misc 3d 947, 955, *affd* 24 AD3d 153). We agree with that contention only to the extent that the resident, by so pleading, waived any privileges applicable to his psychiatric records and documents relating to his mental condition at the time of the assault (*see* § 40.15; *People v Al-Kanani*, 33 NY2d 260, 264-265, *cert denied* 417 US 916; *People v Harris*, 109 AD2d 351, 362-363, *lv denied* 66 NY2d 919; *see generally People v Bloom*, 193 NY 1, 8; *Carter v Fantauzzo*, 256 AD2d 1189, 1190). "The waiver of the . . . privilege . . . does not permit discovery of information involving unrelated illnesses and treatments" (*Carter*, 256 AD2d at 1190). Thus, an in camera review of the File is required to determine which, if any, of the resident's medical records relate to the asserted affirmative defense (*see generally Sohan v Long Is. Coll. Hosp.*, 282 AD2d 597, 598). We further conclude that, upon remittal for such review, notice should be provided to the resident and/or his representative so that he may have an opportunity to be heard on this matter. In addition, an in camera review is required to determine whether the File contains other information to which claimants are entitled, i.e., "information of a nonmedical nature relating to any prior assaults or similar violent behavior by the [resident]" (*id.*; *see J.Z.*, 67 AD3d 645; *Moore v St. John's Episcopal Hosp.*, 89 AD2d 618, 619), but only to the extent that such information is not exempt from disclosure pursuant to Education Law § 6527 (3) and Mental Hygiene Law § 29.29. Finally, we note that, despite the resident's waiver, disclosure of the relevant medical and psychiatric files may not be ordered until there has been a finding pursuant to Mental Hygiene Law § 33.13 (c) (7) "that disclosure will not reasonably be expected to be detrimental to the [resident] . . . or another" individual (*see generally L.T. v Teva Pharms. USA, Inc.*, 71 AD3d 1400, 1401). We therefore modify the order by vacating that part of the first ordering paragraph with respect to the File, and we remit the matter to the Court of Claims for an in camera review of the File, following notice to the resident and/or his representative and an opportunity to be heard on the issue of discovery of the File. The court must then decide that part of claimants' motion seeking discovery of the File following such in camera review, and make a

finding pursuant to Mental Hygiene Law § 33.13 (c) (7), if warranted.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court