# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1364**
**CAF 11-01027**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF SHIRLEY A.S.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DAVID A.S., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR SHIRLEY A.S.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 25, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred custody and guardianship of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his child on the ground of permanent neglect and transferring custody and guardianship of the child to petitioner. The father failed to preserve for our review his contention that the admission in evidence of his records from a drug treatment facility violated 42 USC § 290dd-2, inasmuch as the father failed to object on that ground. In any event, "absent evidence that [the father] was treated by a facility 'conducted, regulated, or directly or indirectly assisted by any department or agency of the United States,' the federal statute does not apply" (*L.T. v Teva Pharms. USA, Inc.*, 71 AD3d 1400, 1401), and the father presented no such evidence. In addition, such records are subject to disclosure in neglect proceedings where, as here, there is " 'good cause' " for the disclosure (*Matter of Kennedie M.*, 89 AD3d 1544), which clearly exists in this case.

We reject the father's further contention that his drug treatment records were inadmissible because they were not properly certified pursuant to Family Court Act § 1046. That statute does not apply to proceedings to terminate parental rights pursuant to Social Services

Law § 384-b (*see Matter of Department of Social Servs. v Waleska M.*, 195 AD2d 507, 510, *lv denied* 82 NY2d 660). In any event, the records were properly certified pursuant to CPLR 4518 (*see generally Matter of Leon RR*, 48 NY2d 117, 122-123). We also conclude that Family Court properly admitted in evidence the family services progress notes relating to the father and the child's mother, whose parental rights with respect to the child were also terminated. Petitioner properly laid a foundation for the admission in evidence of those notes through the testimony of its caseworker. Finally, contrary to the father's contention, we conclude that petitioner established "by clear and convincing evidence that it . . . fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.*, 61 NY2d 368, 373).

Entered: December 30, 2011                    Frances E. Cafarell
                                              Clerk of the Court