*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                521066
_____

MARY BELLAMY et al.,
                    Appellants,

        v                                   MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:   January 8, 2016

Before:   Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

                        _____


        Scagnelli Law Firm, PC, Albany (Peter J. Scagnelli of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Arnold of counsel), for respondent.

                        _____


Devine, J.

        Appeal from an order of the Court of Claims (DeBow, J.),
entered July 16, 2014, which partially denied claimants' motion
to, among other things, compel disclosure of certain records.

        On September 19, 2009, claimant Mary Bellamy was being
treated at the Capital District Psychiatric Center, a facility
operated by the State Office of Mental Health, when she was
assaulted by another patient.  Bellamy and, derivatively, her
husband commenced this action to recover for the injuries
sustained in the attack.  In short order, the parties became
embroiled in a dispute regarding claimants' efforts to obtain
discovery related to the assailant and his medical history, as
well as the identity of other patients.  As is relevant here, in
2011, the Court of Claims found "that the interests of justice

would significantly outweigh the . . . need for confidentiality" with regard to certain documents and directed that they be turned over to claimants (see Mental Hygiene Law § 33.13 [c] [1]).

Claimants thereafter deposed Pamela Dolacky, who is employed at the facility and prepared large portions of an incident report that was disclosed to them in redacted form. After learning that Dolacky had relied upon various documents in compiling the report, claimants requested that those documents be provided. Counsel for defendant advised that it was unlikely that the documents would be turned over and, moreover, directed Dolacky not to answer certain questions regarding the assailant and the degree to which defendant was aware of his prior history. Claimants then moved for an order compelling disclosure of the documents and directing Dolacky to answer the questions. The Court of Claims, after reviewing the documents in camera, granted the motion to the extent of compelling Dolacky to answer questions related to whether defendant had notice of the threat posed by the assailant and directing defendant to disclose one page of a redacted document revealing that defendant was aware of threats made by the assailant. Claimants now appeal.

We affirm. In cases such as the one before us, "[i]nformation concerning medical diagnosis and treatment is privileged and may not be disclosed absent a showing that a compelling interest overrides the privilege, or that the interests of justice significantly outweigh the need for and the right of a mentally disabled patient to confidentiality" (Exelbert v State of New York, 140 AD2d 665, 665 [1988]; see CPLR 4504; Mental Hygiene Law § 33.13 [c] [1]; [e]; J.Z. v South Oaks Hosp., 67 AD3d 645, 645-646 [2009]; Sohan v Long Is. Coll. Hosp., 282 AD2d 597, 598 [2001]). Here, many of the withheld documents have already been disclosed to claimants in redacted form, and our in camera review confirms that claimants have obtained the relevant "information of a nonmedical nature relating to any prior assaults or similar violent behavior" contained in them (J.Z. v South Oaks Hosp., 67 AD3d at 646; see Mayer v Albany Med. Ctr. Hosp., 37 AD2d 1011, 1011 [1971]). While there are additional references in the withheld portions of the documents regarding the reasons why the assailant attacked Bellamy, the interests of justice do not significantly outweigh his right to

have that privileged diagnostic information remain confidential (see Exelbert v State of New York, 140 AD2d at 665; Matter of Ashford v Brunswick Psychiatric Ctr., 90 AD2d 848, 848 [1982]; Homere v State of New York, 41 AD2d 797, 797 [1973]).

Contrary to claimants' additional contention, the Court of Claims properly limited their ability to make further inquiries of Dolacky to the issue of whether defendant was or should have been on notice of the assailant's propensity for assaultive behavior.  Claimants are not entitled to inquire into diagnostic information but, as set forth above, may ask questions "pertaining to prior assaults or attempted assaults by the patient, including the time and place and surrounding circumstances, together with the date the information came within the knowledge of defendant" (Mayer v Albany Med. Ctr. Hosp., 37 AD2d at 1011).

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court