Matter of Alana G. (Danielle I.) (2019 NY Slip Op 05293)





Matter of Alana G. (Danielle I.)


2019 NY Slip Op 05293


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


694 CAF 17-01838

[*1]IN THE MATTER OF ALANA G., AIDEN D., ASHTON D., CAMERON C., AND JAIDE C. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DANIELLE I., RESPONDENT-APPELLANT. 






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
NICHOLAS G. LOCICERO, BUFFALO, FOR PETITIONER-RESPONDENT. 
JAMES A. KREUZER, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered October 4, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from a fact-finding and dispositional order that, inter alia, adjudged that she neglected her five children. Initially, we reject the mother's contention that the petitions that originated this proceeding were invalid inasmuch as they were not properly verified. Contrary to the mother's contention, petitions in neglect proceedings need not be verified (see Family Ct Act § 1031; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1031 at 290 [2010 ed]; see also Mamoon v Dot Net Inc., 135 AD3d 656, 657 [1st Dept 2016]; see generally Family Ct Act § 165 [a]).
The mother failed to preserve her contention that Family Court improperly admitted in evidence, without a proper foundation, the children's school records (see Matter of Shirley A.S. [David A.S.], 90 AD3d 1655, 1655 [4th Dept 2011], lv denied 18 NY3d 811 [2012]). Indeed, the mother's attorney conceded that the records were properly admitted. In any event, we conclude that any error in admitting the records was harmless. Most of the information contained therein, including that regarding attendance and behavioral issues, was cumulative of testimony given by school social workers (see Matter of Ezekiel C., 12 AD3d 333, 334 [1st Dept 2004]), and the court expressly noted that its finding of neglect was not based on educational neglect. Thus, the result would have been the same even if the school records had been excluded (see Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court