Jayne v Smith (2020 NY Slip Op 03101)





Jayne v Smith


2020 NY Slip Op 03101


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10572
 (Index No. 604101/15)

[*1]Millard C. Jayne, appellant, 
v
Letty Chandra Smith, etc., et al., respondents.


Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Kenneth Auerbach and Robert Steinberg of counsel), for appellant.
Kaufman, Borgeest & Ryan LLP, Garden City, NY (Eldar Mayouhas and Jacqueline Mandell of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisely, Jr., J.), dated August 8, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3124 to compel the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp to appear for depositions and to answer questions seeking nonprivileged information regarding their nonparty patient and granted that branch of the defendants' cross motion which was pursuant to CPLR 3103(a) for a protective order precluding such questioning of the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp to answer questions seeking nonprivileged information regarding their nonparty patient and granted that branch of the defendants' cross motion which was pursuant to CPLR 3103(a) for a protective order precluding such questioning of the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were pursuant to CPLR 3124 to compel the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp to appear for depositions and to answer questions seeking nonprivileged information regarding their nonparty patient is granted, and that branch of the defendants' cross motion which was pursuant to CPLR 3103(a) for a protective order precluding such questioning of the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp is denied.
The plaintiff, a nurse, was seriously injured when he was assaulted by a patient at a psychiatric facility in Suffolk County. The plaintiff thereafter commenced this consolidated action [*2]to recover damages for personal injuries against, among others, the defendants Letty Chandra Smith, Daniel Robert Klages, and Douglas Kent Hoverkamp (hereinafter collectively the individual defendants), who were the patient's treating psychiatrists. After the individual defendants indicated at a compliance conference that they would not answer any questions at their depositions regarding the patient, the plaintiff moved, inter alia, pursuant to CPLR 3124 to compel them to appear for depositions and to answer questions seeking nonprivileged information regarding the patient. The defendants cross-moved, inter alia, pursuant to CPLR 3103(a) for a protective order precluding such questioning. The Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted that branch of the defendants' cross motion. The plaintiff appeals.
Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (CPLR 3101[a][1]). However, even relevant discovery is subject to preclusion if the requested information is privileged (see CPLR 3101[b]; Dillenbeck v Hess, 73 NY2d 278, 287; see also 22 NYCRR 221.2[a]).
Information relating to the nature of medical treatment and the diagnoses made, including "information communicated by the patient while the physician attends the patient in a professional capacity, as well as information obtained from observation of the patient's appearance and symptoms," is privileged and may not be disclosed (Mullen v Wishner, 172 AD3d 1386, 1388; see CPLR 4504; Mental Hygiene Law § 33.13[c][1]; Bellamy v State of New York, 136 AD3d 1247). However, "[t]he physician-patient privilege generally does not extend to information obtained outside the realms of medical diagnosis and treatment" (Matter of Grand Jury Investigation in N.Y. County, 98 NY2d 525, 530). Thus, the privilege is generally limited to "information acquired by the medical professional through application of professional skill or knowledge'" (id. at 530, quoting Dillenbeck v Hess, 73 NY2d at 284 n 4).
Here, the patient has not waived the physician-patient privilege (see Mullen v Wishner, 172 AD3d at 1389), and the plaintiff has not demonstrated "that the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13[c][1]). Thus, the plaintiff was not entitled to any privileged information regarding the patient, such as information regarding the treatment rendered to him by the individual defendants or information they collected in their professional capacity so as to render a diagnosis or treatment plan. Nevertheless, the plaintiff is entitled to inquire into any nonprivileged information regarding the patient (see Mullen v Wishner, 172 AD3d at 1389; Bellamy v State of New York, 136 AD3d at 1248; J.Z. v South Oaks Hosp., 67 AD3d 645, 646; Sohan v Long Is. Coll. Hosp., 282 AD2d 597; Lee v New York City Tr. Auth., 257 AD2d 611). Thus, it was an improvident exercise of discretion to deny those branches of the plaintiff's motion which were to compel the individual defendants' depositions on the limited basis sought by the plaintiff, and to grant the defendants a protective order preventing the plaintiff from questioning the individual defendants regarding any nonprivileged information about the patient. We note that the particular content of the information sought by the plaintiff is not before us, since the plaintiff and the defendants made their motions before the individual defendants' depositions were conducted. Thus, we do not determine on this appeal whether any specific information about the patient was or was not privileged.
We further note that the prospect that a witness may be asked questions at a deposition as to which an objection based on privilege may be asserted is not a proper reason for declining to appear for a deposition. Rather, the proper procedure is for the witness to appear and for counsel to interpose objections to particular questions which call for the disclosure of privileged information (see 22 NYCRR 221.2). Here, the defendants should not have predetermined that there were no relevant nonprivileged questions that could be asked of the individual defendants.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court