Cabreja v Bay Park Ctr. (2022 NY Slip Op 01381)





Cabreja v Bay Park Ctr.


2022 NY Slip Op 01381


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 29676/17 Appeal No. 15448 Case No. 2021-00580 

[*1]Luz Cabreja, as Administratrix for the Estate of Maria Cabreja, Plaintiff-Respondent,
v
"John/Jane Doe Physicians", Individually and as Empls./Agents of Bay Park Ctr. for Nursing & Rehabilitation et al., Defendants, Mosholu Parkway Nursing & Rehabilitation Ctr., LLC, Defendant-Appellant. [And a Third-Party Action]


Messner Reeves LLP, New York (Lena Brinjikji of counsel), for appellant.
Buzin Law, P.C., Purchase (Andrew S. Buzin of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered January 22, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to compel the production of certain treatment records in the possession of defendant/third-party defendant Mosholu Parkway Nursing and Rehabilitation Center, LLC (Mosholu), and denied Mosholu's motion for a protective order regarding those records, unanimously affirmed, without costs.
Plaintiff's decedent, a resident at defendant Bay Park Center for Nursing and Rehabilitation, was allegedly sexually assaulted by a fellow nursing home resident; the fellow resident had previously been a resident at Mosholu, which transferred him to Bay Park. As a result of the alleged assault, plaintiff sued Bay Park and Mosholu, alleging, among other things, negligence and negligent supervision. Bay Park then filed a third-party complaint against Mosholu, alleging that when Mosholu transferred the fellow resident, it failed to disclose that he had been involved in an incident of inappropriate sexual conduct while he lived at Mosholu.
Supreme Court providently exercised its discretion in granting plaintiff's request to compel disclosure and denying Mosholu's cross motion for a protective order. The fellow resident has not waived his right to keep confidential the medical information contained in his hospital records; nonetheless, plaintiff is entitled to any nonmedical information in Mosholu's possession insofar as it relates to any prior assaults or similar violent behavior by the fellow resident, including the time and place and surrounding circumstances for each incident with all medical information redacted (see Friend v SDTC-Center for Discovery, Inc., 13 AD3d 827, 828 [3d Dept 2004]; Mayer v Albany Med. Ctr. Hosp., 37 AD2d 1011, 1011 [3d Dept 1971]). The fellow resident's treatment records in Mosholu's possession, when redacted so as not to pertain to diagnosis or treatment but only to behavior, are not privileged and may be used to establish
Mosholu's prior actual or constructive knowledge of the fellow resident's propensity for violence towards other residents, including plaintiff's decedent (see Thompson v Pibly Residential Programs, Inc., 69 AD3d 453, 454 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022