Gooden v New York City Health & Hosps. Corp. (2023 NY Slip Op 02867)

Gooden v New York City Health & Hosps. Corp.

2023 NY Slip Op 02867

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-09465
 (Index No. 707564/17)

[*1]Simone Dionne Gooden, appellant,
v
New York City Health and Hospitals Corporation, etc., respondent, et al., defendants.

Sgouras Law Firm, PLLC, Astoria, NY (Athanasios Tommy Sgouras of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Susan Paulson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated June 27, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's cross-motion which were for an in camera review of certain hospital records and thereafter, disclosure of nonprivileged information contained therein, and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Dennis Downing.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for an in camera review of certain hospital records and thereafter, disclosure of nonprivileged information contained therein, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The plaintiff commenced this action to recover damages she allegedly sustained in an incident that occurred while she was working as a certified nursing assistant at a hospital operated by the defendant New York City Health and Hospitals Corporation, incorrectly sued herein as New York City Health and Hospitals Corporation, NYC HHC Elmhurst Hospital Center (hereinafter NYCHHC). At the time, the plaintiff was employed by nonparty Horizon Health Care Staffing, and assigned to work at the subject hospital. The plaintiff alleges that, while performing her duties, she was assaulted by a hospital patient, causing serious injuries. In addition to NYCHHC, the complaint names the alleged assailant, Dennis Downing, as a defendant.
NYCHHC moved, inter alia, to compel the plaintiff to provide certain discovery. The plaintiff cross-moved, inter alia, for an in camera review of certain hospital records, including Downing's medical records, and thereafter, disclosure of nonprivileged information contained therein. The plaintiff also sought to extend the time to serve the summons and complaint upon Downing. In an order dated dated June 27, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's cross-motion. The plaintiff appeals.
Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (CPLR 3101[a][1]). However, relevant discovery is subject to preclusion if the requested information is privileged (see id. § 3101[b]; Dillenbeck v Hess, 73 NY2d 278, 287). Information relating to the nature of medical treatment and the diagnoses made, including "information communicated by the patient while the physician attends the patient in a professional capacity, as well as information obtained from observation of the patient's appearance and symptoms," is privileged (Mullen v Wishner, 172 AD3d 1386, 1388; see CPLR 4504; Mental Hygiene Law § 33.13[c][1]; Bellamy v State of New York, 136 AD3d 1247). However, "[t]he physician-patient privilege generally does not extend to information obtained outside the realms of medical diagnosis and treatment" (Matter of Grand Jury Investigation in N.Y. County, 98 NY2d 525, 530).
Here, the plaintiff seeks information as to any prior aggressive or violent acts by Downing. Information of a nonmedical nature regarding prior aggressive or violent acts is not privileged (see Jayne v Smith, 184 AD3d 557, 559; J.Z. v South Oaks Hosp., 67 AD3d 645, 646; Sohan v Long Is. Coll. Hosp., 282 AD2d 597). Accordingly, we remit the matter to the Supreme Court, Queens County, for an in camera review of the subject hospital records, to determine which records contain nonprivileged information that is subject to disclosure, and thereafter disclosure of such records (see J.Z. v South Oaks Hosp., 67 AD3d at 645; see also Sohan v Long Is. Coll. Hosp., 282 AD2d at 598).
The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's cross-motion which was to extend the time to serve the summons and complaint upon Downing. Pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice." "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (BAC Home Loans Servicing, LP v Rogener, 171 AD3d 996, 998). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). Here, the plaintiff did not demonstrate reasonable diligence in attempting to effect service (see Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014; Wells Fargo Bank, N.A. v McCarthy, 195 AD3d 983, 985; JPMorgan Chase Bank, NA v Gluck, 195 AD3d 904, 906).
Where a plaintiff fails to establish good cause, "courts must consider the 'interest of justice' standard of CPLR 306-b" (Bumpus v New York City Tr. Auth., 66 AD3d at 32). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; see BAC Home Loans Servicing, LP v Rogener, 171 AD3d at 998).
Here, the Supreme Court did not improvidently exercise its discretion in concluding that an extension of time for service was not warranted in the interest of justice, given, inter alia, the failure to make reasonable efforts at service upon Downing and the delay in moving for an extension of time for service of process (see US Bank N.A. v Fink, 206 AD3d 858, 861; Feng Li v Peng, 190 AD3d 950, 953).
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court