Ellison v Schulte (2026 NY Slip Op 00307)

Ellison v Schulte

2026 NY Slip Op 00307

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 151880/24|Appeal No. 5653-5654|Case No. 2025-00205 2025-02258|

[*1]Holly Ellison, Plaintiff-Respondent,
vSandra Schulte, Defendant-Appellant. 

Dilworth Paxson LLP, New York (Ira N. Glauber of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 27, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a default judgment on her first and second causes of action for ejectment and declaring that plaintiff was entitled to possession of the subject apartment, unanimously affirmed, without costs. Order, same court and Justice, entered March 25, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendant's counterclaims, unanimously modified, on the law, to deny plaintiff's motion to dismiss the first, second, and fifth counterclaims, and otherwise affirmed, without costs.
The first, second, and fifth counterclaims of defendant's amended answer are not barred by the doctrine of res judicata/claim preclusion because the Surrogate's Court judgment did not impair these claims, and, in fact, empowered them. Surrogate's Court found that defendant could not compel the cooperative to permit the transfer of the shares and the proprietary lease in the apartment to the marital trust, and, thus, her occupancy of the apartment was unauthorized. However, Surrogate's Court never considered the claims raised in the first, second, and fifth counterclaims, i.e., whether or not defendant was entitled to alternative relief based on the failure of consideration for her waiver of her rights to an elective share of decedent's estate, whether plaintiff was required to provide a comparable replacement residence based on the prenuptial agreement, or whether equitable deviation was warranted. The "requisite elements of proof and . . . the evidence necessary to sustain recovery [on these claims] vary materially" from the claims that were determined by Surrogate's Court (Julien J. Studley, Inc. v Lefrak, 48 NY2d 954, 956 [1979]).
The motion court found that all of the counterclaims in the amended answer were barred because the issues raised in the counterclaims could have been raised by defendant in the Surrogate's Court proceeding. However, defendant's initial petition in that court was filed in her capacity as co-trustee of the marital trust, and she could not have asserted her individual claims against the estate in that context. Similarly, at a later point in the proceedings, she was appointed Administrator CTA but was only authorized to prosecute the claim against the cooperative based on its failure to permit the transfer of the shares and proprietary lease to the marital trust. Thus, she could not have asserted her individual claims against the estate in this context (see Prospect Resources Inc. v Levant Capital N. Am., Inc., 237 AD3d 550, 550 [1st Dept 2025]). Moreover, res judicata did not apply because the claims asserted in defendant's first, second, and fifth counterclaims could not have been raised until there was a final determination that defendant had no right to occupy the apartment, which was her preference (see Intrepid Invs., LLC v Selling Source, LLC, 233 AD3d 407, 408 [1st Dept 2024]).
The statute of limitations does not bar these claims because they were not ripe until there was a final determination that the cooperative could not be compelled to transfer the shares of the apartment to the marital trust, which occurred, at the earliest, in October 2023. Since the prenuptial agreement gave defendant the right to demand a replacement residence "at any time," until she exercised that right, and it was denied, these counterclaims had not accrued.
The third and fourth counterclaims, however, were necessarily decided in the prior Surrogate's Court action, which determined, after extensive litigation by plaintiff against the cooperative, that defendant had no right to occupy the apartment. Therefore, plaintiff made every effort to compel the cooperative to transfer the shares to the apartment, contrary to the claims in the third counterclaim. Contrary to the fourth counterclaim, defendant was not entitled to reimbursement of the maintenance fees or expenses because she had no right to occupancy, and additionally, the prenuptial agreement made her responsible for those costs.
The court properly granted plaintiff's motion for a default judgment with respect to the first two causes of action of the complaint. There was no merit to any defense to the ejectment and declaratory judgment claims given the Surrogate's Court order dismissing defendant's cross-claim against the cooperative, which was affirmed by this
Court (Matter of Schulte, 220 AD3d 586 [1st Dept 2023], lv denied 42 NY3d 905 [2024]).
We have considered the parties' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026