Matter of C. X.-E. B. (2026 NY Slip Op 00307)

Matter of C. X.-E. B.

2026 NY Slip Op 00307

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Docket No. B-05193/22|Appeal No. 5678|Case No. 2024-06292|

[*1]In the Matter of C. X.-E. B., also known as C. B., A Child Under the Age of Eighteen Years etc., C.B., Respondent-Appellant, Forestdale, Inc., Petitioner-Respondent.

Steven N. Feinman, White Plain, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Marion C. Perry of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Polixene Petrakopoulos of counsel), attorney for the child.

Order, Family Court, New York County (Valerie A. Pels, J.), entered on November 26, 2024, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency, and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
Even though the appeal was noticed from the order entered on or about October 17, 2024, and not the final order terminating the mother's parental rights entered on November 26, 2024, this Court deems the appeal to be taken from the final order, which contained identical findings of fact and the identical disposition as the order from which the appeal was noticed (see CPLR 5520[c]).
The mother failed to preserve her claim that the agency's progress notes for the relevant time period covered by the petition were not properly certified pursuant to Family Court Act § 1046(a)(iv) and thus did not suffice to prove a prima facie case of permanent neglect, and we decline to review it (see Matter of Samantha M. [Allison Y.], 112 AD3d 421, 422 [1st Dept 2013]). In any event, on these facts, the progress notes were properly admitted as the mother's attorney consented to their admission and confirmed that he was not raising any issue as to certification of the notes and delegation of the authority. Moreover, Family Ct Act § 1046(a)(iv), which governs article 10 proceedings, does not apply to termination of parental rights proceedings under Social Services Law § 384-b. Instead the CPLR 4518(a) business record exception controls (see Samantha M., 112 AD3d at 422; Matter of Nevaeh N. [Heidi O.], 220 AD3d 1070, 1072 [3d Dept 2023], lv denied 41 NY3d 903 [2024]; Matter of Shirley A.S. [David A.S.], 90 AD3d 1655, 1655 [4th Dept 2011], lv denied 18 NY3d 811 [2012]).
In light of the foregoing, the mother's claim of ineffective assistance of counsel based on her counsel's failure to object to the admissibility of the progress notes under Family Court Act § 1046(a)(iv) is unavailing (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020], lv denied 35 NY3d 911 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026